UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN ADMIRALTY

Case No. 18-cv-61212-BLOOM/Valle

IN THE MATTER OF THE COMPLAINT OF
WATER SHUTTLE, LLC and WATER TAXI OF
FT. LAUDERDALE, LLC FOR EXONERATION
FROM OR LIMITATION OF LIABILITY AS
OWNER AND CHARTERER OF A 1988
OLDPORT 26' PASSENGER VESSEL BEARING
HULL IDENTIFICATION NO. FL5004HE
_____/

## CLAIMANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY AND CLAIM AGAINST WATER TAXI OF FT. LAUDERDALE, LLC

COMES NOW, the Claimant, DIANE HARTON, (hereinafter referred to as "Claimant" for the Answer and Affirmative Defenses and "Counter-Plaintiff" in her claim), and submits this Answer, Affirmative Defenses, and Claim.

This Answer and Claim is being made under protest and without prejudice to the Claimant's contention that Petitioners' Petition for Exoneration from or Limitation of Liability is improper because the negligence which caused Claimant's injuries was with the privity and knowledge of one or more of the Petitioners, its/their agents, and/or employees.

## ANSWER

Claimant responds to the averment set forth in the Petition for Exoneration from or Limitation of Liability filed in the above styled action ("The Petition") by Petitioners, WATER SHUTTLE, LLC and WATER TAXI OF FT. LAUDERDALE, LLC, as follows:

1. Admit.
2. Admit.

1

3. Admit.

4. Admit.

5. Admit.

6. Admit.

7. Claimant is without information or knowledge sufficient to form a belief as to the allegations set forth in paragraph 7 of the Petition and therefore calls upon Petitioners to prove same.

8. Admit.

9. Denied.

10. Denied.

11. Claimant is without information or knowledge sufficient to form a belief as to the allegations set forth in paragraph 11 of the Petition and therefore calls upon Petitioners to prove same.

12. Admit.

13. Admit.

14. Denied.

15. Denied.

16. Admit.

17. Admit.

18. Admit.

19. Admit.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Claimant is without information or knowledge sufficient to form a belief as to the allegations set forth in paragraph 28 of the Petition and therefore calls upon Petitioners to prove same.

29. Denied.

30. Admit.

31. Denied.

32. Denied.

## PETITIONERS' PRAYERS FOR RELIEF

1. Claimant objects to the relief requested in prayer A(1) of the Petition.

2. Claimant objects to the relief requested in prayer A(2) of the Petition.

3. Claimant objects to the relief requested in prayer B of the Petition.

4. Claimant objects to the relief requested in prayer C(1) of the Petition.

5. Claimant objects to the relief requested in prayer C(2) of the Petition.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

33. That Petitioners are not entitled to the benefit of limitation and exoneration conferred by 46 U.S.C. §§ 30501-30512 and the various statutes supplemental thereto and amendatory thereof,

and Claimant contests the right to make such a claim as part of this proceeding. Moreover, the conduct and actions which led to the Claimants injuries took place with the privity or knowledge of the owners, managing owners, owners *pro hac vice*, and/or operators of the vessel involved.

## SECOND AFFIRMATIVE DEFENSE

34. That to the extent that the Petitioners insurers attempt to avail themselves of the Limitation and/or Exoneration defense, Claimant asserts that the protections of the Limitation of Liability Act are unavailable to insurers of vessel owners under these circumstances. Furthermore, no *prima facie* case has been made for establishing that they are entitled to avail themselves to the Limitation of Liability Act.

## THIRD AFFIRMATIVE DEFENSE

35. That the Petitioners have underestimated the value of the vessel involved and the vessels in this fleet – including the engines, apparel, appurtenances, existing contracts, and applicable insurance, etc., - as adequacy of the security. Claimant reserves the right to contest the valuation and require the Petitioners to immediately increase the amount of security posted. FRCP, Supp. Rule F(7).

## FOURTH AFFIRMATIVE DEFENSE

36. Any and all damages were caused through the fault, culpable conduct, negligence and carelessness of the Petitioners with the express and implied privity and knowledge of the Petitioners for which the Petition for Exoneration from or Limitation of Liability should be denied.

## FIFTH AFFIRMATIVE DEFENSE

37. Any and all damages to the Claimant were caused through recklessness, wanton and willful conduct of the Petitioners with the express and implied privity and knowledge of the Petitioners/owners.

**SIXTH AFFIRMATIVE DEFENSE**

38. That the Petitioners cannot file for limitation of liability in this case as it is not an intended beneficiary of 46 U.S.C. § § 30501-30512 and the various statutes supplemental thereto and amendatory therefor, as the enactment of this provision in admiralty was intended to promote maritime commerce through carriage of goods by sea and was not intended to apply to water taxi vessels.

**SEVENTH AFFIRMATIVE DEFENSE**

39. The vessel upon which the claimant was injured, is part of a WATER TAXI fleet Claimant intended to use the day of the incident, as advertised, in a hop on-hop off manner, using many vessels including the largest vessels of the fleet. WATER TAXI's fleet of vessels was in operation on the date in question with a commonality of purpose, and as such, the value of the entire fleet is required to be posted for security, the failure of which requires dismissal of the Petitioners' action. With the value of the fleet, the limitation fund will exceed the aggregate amount of all the possible claims against the vessel owner which will allow Claimant to proceed against the ship owner in State Court where stipulations can reduce the total of all claims to an amount below the stipulation fund. Therefore, the vessel owner is not exposed to liability in excess of the limitation fund, and thus the vessel owner's rights, under the limitation act, are not implicated.

**EIGHTH AFFIRMATIVE DEFENSE**

40. The Petition for Exoneration from or Limitation of Liability contains vague and ambiguous language and statements that are deficient under the FRCP 12(e), and the Claimant seeks definitive statements of the allegations.

### NINTH AFFIRMATIVE DEFENSE

41. The vessel, "Downtowner", was unseaworthy at the beginning of the subject sightseeing excursion.

### TENTH AFFIRMATIVE DEFENSE

42. Claimant's damages were proximately caused by the negligence of Petitioners.

### ELEVENTH AFFIRMATIVE DEFENSE

43. The subject incident occurred due to acts, omission, and/or conditions within the privity or knowledge of one or both of the Petitioners.

### TWELFTH AFFIRMATIVE DEFENSE

44. Claimant's damages were proximately caused by third parties over whom one or both of the Petitioners exercised controlled.

### THIRTEENTH AFFIRMATIVE DEFENSE

45. The acts, omissions, and/or conditions that led to the losses claimed by the Claimant were within the privity and knowledge of one or both of the Petitioners.

### FOURTEENTH AFFIRMATIVE DEFENSE

46. The acts, omissions, and/or conditions that led to and/or caused Claimant's injuries were within the privity and knowledge of one or both of the Petitioners.

### FIFTEEN AFFIRMATIVE DEFENSE

47. The acts, omissions, and/or conditions that led to and/or caused the unseaworthiness of the vessel, "Downtowner", were within the privity and knowledge of one or more agent(s) of Petitioners.

### SIXTEENTH AFFIRMATIVE DEFENSE

48. There was no comparative or contributory fault by Claimant.

### SEVENTEENTH AFFIRMATIVE DEFENSE

49. Claimant is entitled to have her claim heard by a jury in the State Court of her choosing. As a single Claimant, under the "saving to suitors" clause of 28 U.S.C. § 1333(1), there is a presumption in favor of jury trials and common law remedies in the forum of Claimant's choice where the single Claimant may try liability and damages issues by filing stipulations that protect the ship owner's rights to have the Admiralty Court ultimately adjudicate its claim to limit liability in the event any State Court judgment exceeds the limitation fund.

### EIGHTEENTH AFFIRMATIVE DEFENSE

50. Petitioners failed to exercise reasonable care under the circumstances including the failures to properly inspect, maintain, equip, operate, and provide a sufficient amount of trained personnel to assist passengers in boarding the vessel "Downtowner".

### NINETEENTH AFFIRMATIVE DEFENSE

51. Claimant's purchased online ticket which the Petitioners purport constitutes a contractual release of liability does not constitute a valid release as the language of the ticket is vague and ambiguous and against public policy and therefore, unenforceable. Moreover, Claimant, HARTON, did not purchase the ticket herself which was purchased online by another individual and Claimant never read, signed, or agreed to any releasing language before using the online ticket and therefore, never agreed to be bound by the terms of any purported release.

WHEREFORE, it is respectfully requested that the Petition for Exoneration from or Limitation of Liability be denied in all respects; that the Claimant be permitted to prosecute her claims for damages against the Petitioners without a cap on the amount of damages; or the attorney's fees, costs and disbursements of defending the Limitation proceeding; and for such other and further relief as may be just and proper.

## **CLAIM OF DIANE HARTON**

The Counter-Plaintiff, DIANE HARTON, sues the Counter-Defendant, WATER TAXI OF FT. LAUDERDALE, LLC, and alleges:

### **JURISDICTIONAL STATEMENT AND IDENTIFICATION OF PARTIES**

1. This is an action for damages under the Admiralty and Maritime jurisdiction of this Court. This claim arises out of operating, navigating, and maintaining a Water Taxi vessel, the "Downtowner".

2. Further, this claim is subject to this Court's jurisdiction as a compulsory counter-claim to the Counter-Defendant/Petitioner, WATER TAXI OF FT. LAUDERDALE, LLC's Petition for Exoneration from or Limitation of Liability.

3. This claim arises out of the same set of operational facts as does the Petition for Exoneration from or Limitation of Liability.

4. WATER TAXI OF FT. LAUDERDALE, LLC has already brought its action for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. §181-185 and the admiralty jurisdiction of this Court. Consequently, this Court also has jurisdiction over the Counter-Plaintiff's claim.

5. Venue is proper in the United States District Court, Southern District of Florida, where the Petitioners/Counter-Defendant, WATER TAXI OF FT. LAUDERDALE, LLC, has brought their claims for exoneration.

6. The Petitioner/Counter-Defendant, WATER TAXI OF FT. LAUDERDALE, LLC, was a limited liability company with headquarters and WATER TAXI operations located in Ft. Lauderdale, Florida. WATER TAXI OF FT. LAUDERDALE, LLC has acknowledged that it owned and operated the vessel in question, the "Downtowner", under a bareboat charter.

7. The Counter-Plaintiff, DIANE HARTON, is a Canadian citizen who resides in Quebec, Canada and is also a part-time resident of Broward County, Florida, was injured in the subject incident, which will be more particularly described below.

## FACTS GIVING RISE TO CAUSE OF ACTION

8. On January 5, 2016 Counter-Plaintiff, DIANE HARTON, received a WATER TAXI ticket for all day travel on a series of river routes and waterways in Ft. Lauderdale on what was advertised as a fleet of boats that would allow passengers to hop on or off any WATER TAXI vessel making stops along its extended routes. The fleet was advertised as a superior fleet of 14 vessels.

9. The Counter-Plaintiff was traveling with her husband, brother-in-law and sister-in-law, and it was the group's intention to use their tickets on the WATER TAXI trip making multiple stops and experiencing multiple vessels making up the fleet of WATER TAXIS including, the largest sized WATER TAXIS that travel on the intracoastal waterway.

10. On January 5, 2016, Counter-Plaintiff/Claimant, HARTON, began boarding the WATER TAXI vessel, the "Downtowner". The "Downtowner" was a smaller fleet vessel used primarily for passengers using the narrower rivers and canals of downtown Ft. Lauderdale. On the date and time of Counter-Plaintiff's boarding, the "Downtowner" was boarding passengers at the Pirate Restaurant dock located on an inland waterway of downtown Ft. Lauderdale. The "Downtowner" on the date and time in question, had a crew of one single person, a captain who was positioned behind the steering wheel of the vessel and was not assisting any passengers in the boarding process at the time of the incident.

11. The "Downtowner", during Counter-Plaintiff's boarding process, was not secured or tied to the dock. In order to maintain the "Downtowner" against the dock, without the vessel being tied to the dock, the captain of the vessel kept the engine motor running and used the engine's throttle

9

to press the vessel against the dock for boarding. This operation created sudden movements and instability of the vessel during the boarding process.

12. The only way to board the "Downtowner" during Counter-Plaintiff's boarding process was down a steep ladder at the bow of the vessel. Contrary to Counter-Defendant's own established safety rules, there was no WATER TAXI employee present to assist passengers in the boarding process of the "Downtowner" on the date in question, despite the steep ladder, sudden boat movements and instability of the vessel for not being secured to the dock, and wet slippery steps due to the fact it had rained immediately before the boarding process.

13. No WATER TAXI employee gave Counter-Plaintiff any instructions or warnings about the boarding process and HARTON boarded without any assistance as she began climbing down the ladder, facing forward.

14. As HARTON began boarding and went to step on the descending steps of the steep boarding ladder, the "Downtowner" suddenly moved and HARTON's foot missed a step and slid on the edge of a wet slippery step causing her to fall to the deck below, in the process, fracturing her ankle and leg.

15. At all times during this boarding, the captain remained behind the wheel of the vessel using the engine throttle to keep it pressed up against the dock as the "Downtowner" had not been tied or secured to the dock.

16. The hazards of this boarding process, involving using the boat's engine to keep a small sized vessel pressed up against the dock for boarding was a hazard which was known or should have been known to the captain of the "Downtowner", as well as to WATER TAXI OF FT. LAUDERDALE, LLC, but was unknown to the Counter-Plaintiff, DIANE HARTON. This hazardous boarding process, combined with the steep ladder descent, failure to provide any

assistance to boarding passengers, failure to provide any warnings to boarding passengers, and failure to dry the wet, slippery steps before boarding, all constituted a failure of the duty to operate the "Downtowner" with reasonable care under the circumstances.

17. As a direct and proximate result of the boat captain's negligence and failure to exercise reasonable care under the circumstances , WATER TAXI OF FT. LAUDERDALE, LLC is liable under the doctrine of *Respondeat Superior*, as the boat captain was at all times operating the vessel within the course and scope of his employment for WATER TAXI. Counter-Plaintiff HARTON sustained serious, permanent, and incapacitating injuries which required two surgeries under general anesthesia and the installation of metal rods and plates in her leg and ankle.

## COUNT I
## CLAIM AGAINST WATER TAXI OF FT. LAUDERDALE, LLC

18. The Counter-Plaintiff/Claimant adopts and re-alleges paragraphs 1 through 17 and further alleges:

19. WATER TAXI OF FT. LAUDERDALE, LLC, by and through its captain operating the "Downtowner", as well as any other of its employees, had the duty to operate the "Downtowner" with reasonable care under the circumstances, having regard to all applicable maritime rules and regulations; and all other attendant circumstances so as not to endanger the life, limb, or property of any person. This duty of reasonable care under the circumstances included the duty to operate its WATER TAXI fleet in a reasonably safe manner and to warn passengers in the boarding process of any hazard or unseaworthy conditions that might be encountered during the voyage offered by WATER TAXI OF FT. LAUDERDALE, LLC to its passengers. This duty of care under the circumstances also required the "Downtowner" to offer assistance to boarding passengers to avoid slipping and falling while descending the steep boarding ladder.

20. The captain of the "Downtowner" and WATER TAXI OF FT. LAUDERDALE, LLC had both privity and actual or constructive knowledge of the dangerous manner in which passengers were asked to board the "Downtowner", which included failing to secure the "Downtowner" to the dock, and using the boat's engine throttle to keep the vessel pressed against the dock which created sudden movement and instability, as well as failing to assist passengers descending the extremely narrow and steep ladder which, at the time of the incident, was also wet and slippery. WATER TAXI OF FT. LAUDERDALE, LLC was aware of these practices and was in privity and knowledge of the negligence of its captain and operators and the unseaworthy conditions that were part of the boarding process of the "Downtowner".

21. Counter-Defendant, WATER TAXI OF FT. LAUDERDALE, LLC, was negligent, with privity and actual or constructive knowledge of its captain, in the following ways:

   a. Failing to secure the "Downtowner" to the dock for boarding;

   b. Failing to offer passengers any warning about the hazards of boarding the "Downtowner" which was not secured to the dock and was moving as passengers were boarding and had wet, slippery steps, as well as a steep and narrow descent to the deck below;

   c. Failing to assist passengers in boarding the vessel especially where there was a steep, narrow descent on wet, slippery ladder steps that passengers descended face forward while the boat was moving due to the failure to attach the vessel to the dock;

   d. Creating the likelihood of passengers being subject to slipping and falling on the ladder for failure to dry the steps before passengers boarded;

   e. Creating the likelihood of passengers being subject to the hazard of descending a steep, narrow ladder onto the vessel while the captain used the engine's throttle to keep the vessel

pressed against the dock creating great instability and movement of the vessel which would likely cause a passenger to miss a step and fall in the boarding process;

    f.    Failing to make a reasonable inspection of the ship's ladder before telling passengers to board, where inspection would have revealed the steps were wet and slippery and needed to be dried;

    g.    Negligently failing to ensure that captains were appropriately trained and supervised; and

    h.    Failing to provide additional crew members or other personnel to assist passengers in the boarding process.

22. As a direct and proximate result of the negligence of WATER TAXI OF FT. LAUDERDALE, LLC, with privity and knowledge of WATER TAXI OF FT. LAUDERDALE, LLC and its vessel's captain, the Counter-Plaintiff makes the below listed claims for damages.

## CLAIM FOR DAMAGES OF DIANE HARTON

23. Counter-Plaintiff/Claimant, DIANE HARTON, as a direct and proximate result of the negligence of the Counter-Defendant, as set forth in the preceding counts, has in the past and will in the future continue to suffer the following damages:

    a.  Bodily injury;

    b.  Pain and suffering;

    c.  Disability;

    d.  Disfigurement;

    e.  Loss of the capacity for the enjoyment of life;

    f.  Medical and hospital care and expenses;

    g.  Rehabilitation expenses; and

h. Mental anguish and distress.

WHEREFORE, Counter-Plaintiff demands that both exoneration and limitation of liability be denied; that the claims hereinabove be allowed in full; and that judgment be entered against the Counter-Defendant/Petitioner for compensatory damages in an amount in excess of the minimum jurisdictional limits of this Court, exclusive of interest and costs.

## REQUEST FOR JURY TRIAL

The Counter-Plaintiff/Claimant requests a jury trial of DIANE HARTON's claims, which, had they been filed in State Court, would have been allowed, and as to which she should not be deprived on account of the exoneration claim, particularly if such claim is unsuccessful. Alternatively, DIANE HARTON requests as advisory jury.

DATED this 21st day of August, 2018.

>Respectfully Submitted,
>PAUL A. MCKENNA & ASSOCIATES, P.A.
>703 Waterford Way, Suite 220
>Miami, Florida 33126
>Telephone: (305) 662-9908
>Facsimile: (305) 662-9909
>
>By:   /s/Paul A. McKenna
>PAUL A. MCKENNA, ESQUIRE
>Florida Bar No.: 348481
>Primary E-service: paul@pmcklaw.com
>Secondary E-service: eservice@pmcklaw.com
>*Counsel for the Counter-Plaintiff/Claimant,*
>*Diane Harton*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 21, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record or prose parties on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or; in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/Paul A. McKenna*
PAUL A. MCKENNA, ESQUIRE
Florida Bar No.: 348481

**SERVICE LIST**

*In the Matter of the Complaint of Water Shuttle, LLC and Water Taxi of Ft. Lauderdale, LLC for Exoneration from Liability as Owner and Charterer of a 1988 Oldport 26' Passenger Vessel Bearing Hull Identification No. FL5004HE*

Case No. 18-cv-61212-BLOOM/Valle
United States District Court, Southern District of Florida
Miami Division
In Admiralty

Vincent P. Belman, III, Esquire
Eric C. Morales, Esquire
Wood, Smith, Henning & Berman LLP
701 Brickell Ave., Suite 1640
Miami, Florida 33131
vbeilman@wshblaw.com
emorales@wshblaw.com
tmarshall@wshblaw.com
llynn@wshblaw.com
*Counsel for Counter-Defendant/Petitioner*
*Water Taxi of Ft. Lauderdale, LLC*
*and Petitioner Water Shutter, LLC*
Electronically served via CM/ECF